**CITIZENS TO PRESERVE FOSTER PARK et al., Plaintiffs-Appellants,**

v.

**John A. VOLPE, Secretary, Department Of Transportation, Defendant-Appellee.**

**No. 71-1811.**

United States Court of Appeals, Seventh Circuit.

Argued April 6, 1972.

Decided Aug. 31, 1972.

Frank A. Webster, Richard C. Ver Wiebe, Fort Wayne, Ind., for plaintiffs-appellants.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for defendant-appellee.

Before HASTINGS, Senior Circuit Judge, KILEY, Circuit Judge and CAMPBELL, * Senior District Judge.

PER CURIAM.

This is an action in which the plaintiff sought to enjoin the defendant, Secretary of Transportation, from taking further federal action, including the further disbursement of federal funds, in connection with the construction of an expressway in Fort Wayne, Indiana. The complaint charged that the defendant had failed to comply with the requirements of the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 et seq., that he had violated § 4(f) of the Department of Transportation Act, 49 U.S.C. § 1653(f), and § 138 of the Federal-Aid-Highway Act, 23 U.S.C. § 138, and finally that the defendant's actions did not satisfy § 128 of the Federal-Aid-Highway Act, 23 U.S.C. § 128, and

Public Policy Memorandum 20-8 promulgated thereunder. Following a full hearing at which the district court heard and considered extensive evidence and testimony, the plaintiffs' motion for a preliminary injunction was denied. Plaintiffs appeal from the interlocutory order denying the preliminary injunction and invoke our jurisdiction under 28 U.S.C. § 1292.

After a careful review of the record below, we affirm the decision of the district court and adopt its opinion as our own. The findings of fact made by the district judge are not "clearly erroneous" and we fully agree with the principles of law applied by the district judge. The opinion of the district court denying the motion for preliminary injunction is appended hereto.

Since a trial on the merits may yet be necessary, we observe that this is a case wherein the time saving consolidation procedure outlined in rule 65(a)(2) of the Federal Rules of Civil Procedure [1] could have been used. Without sacrificing the interests of the parties, this rule provides a helpful saving of judicial time for both courts. It should be employed whenever feasible.

The decision of the district court is affirmed.

Affirmed.

APPENDIX
UNITED STATES DISTRICT COURT

\* \* (Caption—71 F 71) \* \*

ORDER

Plaintiffs bring this action for declaratory and injunctive relief against defendant, John A. Volpe, Secretary of the

---

\* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. Rule 65(a) (2) provides: "*Consolidation Of Hearing with Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a) (2) shall be so construed and applied as to save to the parties any right they may have to trial by jury."

Department of Transportation, to prevent defendant from taking further action with regard to the Baer Field Expressway, Federal-Aid Highway Project No. U–377 (hereinafter referred to as the "Expressway"). On June 7, 1971, plaintiffs filed a motion for a preliminary injunction, pursuant to which this Court conducted a hearing at 9:30 a. m. on Friday, August 6, 1971, in the United States District Courtroom in Fort Wayne, Indiana. Having considered the testimony and exhibits presented during the hearing, the court will deny plaintiffs' motion for a preliminary injunction.

Plaintiffs include Citizens to Preserve Foster Park, an Indiana corporation organized to preserve and protect Foster Park as a park and recreation area; Lake Shores Community Association, Inc., an Indiana not-for-profit corporation organized for and on behalf of residents of the Lake Shores area; and Tillie Snow and Sara Lou Oswald, owners of land abutting the right-of-way of the Expressway.

Plaintiffs set forth as jurisdictional bases for this action 5 U.S.C. §§ 701–06 and 28 U.S.C. §§ 1331(a), 1332, 1361, 2201–02. Plaintiffs, in their motion for preliminary injunction, seek to enjoin the defendant, his agents, servants, employees, and all other persons in "active concert and participation with him," pending final determination of this action, from (1) taking any further action with respect to the Expressway, (2) treating the approval of the preliminary design of the Expressway or the approval of the use of Foster Park for highway purposes as the basis for any further action, or (3) obligating or disbursing any funds to the State of Indiana or the Indiana State Highway Commission for the Expressway. Plaintiffs contend that unless defendant is enjoined, irreparable injury to plaintiffs will result and the status quo will be destroyed. Plaintiffs further contend that a preliminary injunction will not cause undue inconvenience or loss to defendant.

The court makes the following findings of fact. The subject of this action is the aforementioned Expressway, which has partially controlled access and the purpose of which is to give access between the central city of Fort Wayne, Indiana, and the City's airport, Baer Field. The total length of the project when completed will be approximately three and one-half miles; the total construction cost will be three million dollars, of which the United States will pay fifty per cent. The Expressway will begin at a point in the center of existing State Road 3, approximately one mile from Baer Field, and will terminate at a point intersecting with Fairfield Avenue and Paulding Road. At that point, traffic from the Expressway will use existing streets to reach the central city.

The Expressway crosses the St. Mary's River and crosses above a portion of Foster Park. Foster Park consists of 1243.09 acres, six acres of which have been deeded to the City of Fort Wayne for purposes of the Expressway and relocation of a road running through the Park. No park activities will be curtailed by the Expressway which will only affect a local river bank in the Park.

The preliminary engineering for the Expressway was programmed with the federal administration in 1962, pursuant to which the plans were approved and the State of Indiana was authorized to begin work. In March 1967, the federal highway administration in Indiana made a field check with the State of Indiana to determine feasible corridor locations for the Expressway. On July 20, 1967, the State Highway Commission held a public hearing in Fort Wayne, and on August 1, 1967, the State Highway Commission certified that it had considered the economic effect of the Expressway, as required by the former 23 U.S.C. § 128. On August 9, 1967, the office of the Division Engineer of the federal highway administration in Indiana notified the State Highway Commission that

the July 20 hearing had fulfilled the requirements of federal law.

On September 21, 1970, after 23 U.S.C. § 128 had been amended and policies changed, the federal highway administration determined that a second hearing as to the design of the Expressway was not required since a substantial portion of the right-of-way for the Expressway had been acquired and because design had been discussed during the public hearing on July 20, 1967.

On May 8, 1970, the Chief Highway Engineer of the State Highway Commission transmitted its "4(f)" submission required under 49 U.S.C. § 1653(f) and 23 U.S.C. § 138. On June 29, 1970, Federal Highway Administrator Turner approved the "4(f)" submission and the use of land from Foster Park for the Expressway in his Environmental Statement and Determination pursuant to § 102(2) (C) of the Environmental Policy Act of 1969, 42 U.S.C. § 4332(2) (C) and 23 U.S.C. § 138. On October 15, 1970, defendant Volpe approved Turner's Environmental Statement and Determination. On April 2, 1971, the office of the Division Engineer of the federal highway administration approved the documentation required by the 1962 Highway Act and authorized construction of the Expressway. Finally, the construction contract for the Expressway was awarded on May 28, 1971, and construction was begun on June 8, 1971.

The court further finds that defendant made no specific "3-c" finding pursuant to 23 U.S.C. § 134 but that progress was made toward completing such a study.

Plaintiffs set forth four basic contentions in support of their motion for a preliminary injunction. With regard to all four contentions, the court finds that plaintiffs have failed to make a substantial showing of probable success on the merits of their action.

I. *Alleged Violation of 49 U.S.C. § 1653(f) and 23 U.S.C. § 138*

Plaintiffs contend that defendant acted beyond the scope of his authority in his approval of the aforementioned "4(f)" submission. Plaintiffs contend that defendant's approval was a "clear error of judgment" because based on a "clear misstatement of numerous factors." Plaintiffs also contend that the standard employed by defendant was improper and that defendant failed to apply the standards of the Supreme Court decision of Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

Section 138, Title 23 of the United States Code provides in pertinent part that

[a]fter the effective date of the Federal-Aid Highway Act of 1968, the Secretary shall not approve of any program or project which requires the use of any publicly owned land from a public park . . . of national, State, or local significance as determined by the Federal, State, or local officials having jurisdiction thereof . . . unless (1) there is no feasible and prudent alternative to the use of such land, and (2) such program includes all possible planning to minimize harm to such park . . . resulting from such use.

Section 49 U.S.C. § 1653(f) provides in part that

[a]fter August 23, 1968, the Secretary [of transportation] shall not approve any program or project which requires the use of any publicly owned land from a public park . . . of national, State, or local significance as determined by the Federal, State, or local officials having jurisdiction thereof . . . unless (1) there is no feasible and prudent alternative to the use of such land, and (2) such program includes all possible planning to minimize harm to such park . . . resulting from such use.

■ The ultimate standard of review by this court of defendant's findings is a narrow one, and this court is not empowered to substitute its judgment for that of defendant. *E. g., Overton, supra,* 91 S.Ct. at 824.

In the Environmental Statement and Determination formulated by Turner and ultimately approved by Volpe, Turner found that no feasible and prudent alternative to the use of the Park was available since any alignment satisfying the purpose of the Expressway would have to cross the St. Mary's River and the adjacent Park. Turner also found that all possible planning to minimize harm to the Park had been carried out, and specified such steps.

■ From the evidence presented by both parties during the hearing on the motion, the court finds no substantial showing of probable success on the merits with regard to the defendant's approval of the "4(f)" submission. Defendant was not required to make formal findings. *Overton, supra* 91 S.Ct. at 820. Plaintiffs have not shown that defendants' approval was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). Nor have plaintiffs shown that defendant failed to meet constitutional, procedural, or statutory requirements. 5 U.S.C. § 706(2)(A)(B)(C)(D). The court further finds that defendant could reasonably have believed that no feasible alternatives existed or that alternatives to the present location of the Expressway involved unique problems. See *Overton, supra* 91 S.Ct. at 823.

■ Plaintiffs also contend that DOT Order 5610.1, issued by defendant Volpe on October 7, 1970, required defendant to make formal findings when he approved the use of the Park for highway construction. It is apparent from paragraph (6) of DOT Order 5610.1, "Implementing Instructions," that regulations and internal instructions to implement the Order were not in existence on October 7, 1970; instead, Operating Administrations were instructed to begin implementation of the procedures in the Order to the "extent possible" pending finalization of the implementing Instructions. Such instructions were to be drafted and submitted within two weeks after the effective date of the Order by each Operating Administration for review.

Although Turner's approval of the "4(f)" submission was dated June 29, 1970, prior to the DOT Order, Volpe's approval was entered on October 15, 1970, subsequent to the Order. However, Volpe's approval was entered prior to the time when drafts of implementing instructions were to be submitted. Even if the DOT Order could arguably apply to the "4(f)" submission in this case, the court would still be unable to find that procedures in the Order were not carried out to the "extent possible" in the absence of implementing instructions.

II. *Alleged Violation of 23 U.S.C. § 128 and PPM No. 20-8*

Plaintiffs contend that defendant has not fully complied with the requirements of 23 U.S.C. § 128 and Policy Procedure Memorandum No. 20-8 [hereinafter referred to as "PPM No. 20-8"]. In 1967, the office of the Division Engineer of the federal highway administration in Indiana followed PPM No. 20-8 which had been originally issued in 1956 and which was later amended in 1959. PPM No. 20-8 originated in Washington, D. C., and was later revised in January 1968 [1969] in order to conform with the new Federal Highway Act.

The public hearing on the Expressway held on July 20, 1967 was in accordance with 23 U.S.C. § 128 as it then existed. Section 128 required the State highway department to certify to the Secretary that it had held public hearings and had considered economic effects of the location. Compliance with § 128 was carried out by the State of Indiana and certification was received. However, on August 23, 1968, § 128 was amended to require certification that the *economic and social* effects of the location, its impact on the environment, and its consistency with the goals and objectives of urban planning had been considered. 23 U.S.C. § 128.

PPM No. 20-8 as amended in 1959 required only one public hearing for com-

pliance with 23 U.S.C. § 128. However, PPM No. 20–8 as amended in January 1969 requires two public hearings for projects such as the Expressway—a location hearing and a design hearing. PPM No. 20–8 as amended in 1968 also provides that

> [i]f design approval is requested within 3 years after the date of the hearing or an opportunity for a hearing, compliance with the design hearing requirements is nevertheless required unless the division engineer finds that the hearing adequately dealt with design issues relating to major design features.

■ Although the hearing held on July 20, 1967 could not qualify as a design hearing, the Division Engineer made a determination that a second hearing was not required under the circumstances. Such determination was made for two reasons: (1) a substantial right-of-way (51%) had been obtained for the Expressway and (2) a review of the transcript of the public hearing revealed that design had been discussed. The determination was also in compliance with circular memorandums from Washington, D. C., discussing the need for second hearings on projects where a hearing had been held under previous procedures.

Therefore, the court finds that plaintiff have failed to make a substantial showing of probable success on the merits of the question whether defendant followed correct hearing procedures under the PPM in effect on the date of the hearing and as later amended in 1968.

III. *Alleged Noncompliance with the National Environmental Policy Act, 42 U.S.C. §§ 4321–4347.*

Plaintiffs contend that the aforementioned Environmental Statement and Determination does not satisfy the requirements of 42 U.S.C. § 4332 and does not touch upon any of the five areas of study required thereunder. Plaintiffs further contend that the Statement should have been drafted in compliance with the requirements of the CEQ Interim Guidelines issued prior to the Statement.

The National Environmental Policy Act (NEPA) became effective on January 1, 1970. Interim guidelines for implementation of § 4332(2) (C) were issued in April 1970, and transmitted in November 1970. However, the final guidelines for implementation of the NEPA did not become effective until July 1, 1971. Executive Order 11514 dated March 5, 1970 discussed the responsibilities of federal agencies with regard to the NEPA and ordered heads of agencies to develop procedures. Finally, the aforementioned DOT Order 5610.1 also applied to implementation of procedures for § 4332.

■ The Environmental Statement and Determination formulated by Turner and signed on June 29, 1970 states that a determination as to § 102(2)(C), 42 U.S.C. § 4332(2)(C), had also been made. From evidence presented at the hearing with regard to attempts by defendant and the State Highway Commission to comply with interim guidelines, the court finds that defendant complied to the "extent possible" with applicable interim guidelines for implementation of § 4332. The court thus finds that plaintiffs have not made a substantial showing of probable success on the merits with regard to the alleged failure of defendant to implement procedures to the "extent possible" pending finalization of instructions and the alleged failure of defendant to comply with the requirements of § 4332.

IV. *Alleged Violation of 23 U.S.C. § 134.*

Although plaintiffs raised the issue in their complaint and during the hearing of whether defendant had complied with the "three C requirement" of 23 U.S.C. § 134, plaintiffs failed to discuss the issue in the brief in support of their motion. The so-called "three C require-

ment" of 23 U.S.C. § 134 is stated as follows:

> After July 1, 1965, the Secretary shall not approve under section 105 of this title any program for projects in any urban area of more than fifty thousand population unless he finds that such projects are based on a *continuing comprehensive transportation planning process carried on cooperatively* by the States and local communities in conformance with the objectives stated in this section. [Emphasis added]

Although defendant made no specific three C finding with respect to the Expressway, the court finds that defendant complied with Instructional Memorandum 50–2–65, dated April 28, 1965, issued by the Department of Commerce and that three C approval for the Expressway was given in an administrative memorandum from the regional office in Chicago. The court further finds that the Memorandum was followed and that plaintiffs have made no substantial showing of probable success on the merits regarding defendant's alleged violation of 23 U.S.C. § 134.

Although the court does not need to consider the issue of irreparable harm in light of the above findings, it takes note of uncontradicted testimony presented during the hearing that approximately 13% of the Expressway has been completed and that Foster Park was as torn up as the result of construction on the date of the hearing as it will ever be during the completion of the Expressway.

Accordingly having found that plaintiffs have failed to sustain their burden of showing substantial probability of success on the merits of the action, the court denies the motion for preliminary injunction.

Entered this 18th day of August, 1971.

> /s/ Jesse Eschbach
> United States District Judge